UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHRYN COX et al., <br><br> Plaintiffs, <br><br> v. <br><br> CONTINENTAL CASUALTY COMPANY, <br><br> Defendant. | CASE NO. C13-2288 MJP <br><br> ORDER ON DEFENDANT'S AMENDED RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, NEW TRIAL, REMITTITUR, AND/OR PARTIAL RELIEF FROM JUDGMENT; PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW; AND PLAINTIFFS' MOTION FOR ATTORNEY'S FEES |

THIS MATTER comes before the Court on Plaintiffs' Motion for Judgment as a Matter of Law Pursuant to FRCP 50(b) (Dkt. No. 258); Defendant Continental Casualty Company's ("Continental's") Amended Renewed Motion for Judgment as a Matter of Law Pursuant to FRCP 50(b), Amended Motion for New Trial or Remittitur Pursuant to FRCP 59, and Motion for Partial Relief from Judgment Pursuant to FRCP 60(b)(5) (Dkt. No. 298); and Plaintiffs' Motion for Attorney's Fees (Dkt. No. 263). Having reviewed the Motions, the Responses (Dkt. No. 297,

303, and 274), and the Replies (Dkt. No. 299, 308, and 281), the Court hereby DENIES Plaintiffs' Motion for Judgment as a Matter of Law; GRANTS in part and DENIES in part Continental's Motion for Judgment as a Matter of Law and/or A New Trial or Remittitur and/or Partial Relief from Judgment; and GRANTS in part and DENIES in part the Motion for Attorney's Fees as discussed further below.

**Background**

The Parties are familiar with the facts of the case and they will not be reviewed at length here. The Cox Plaintiffs, assignees of the claims of their former dentist Dr. Duyzend against his insurer, Defendant Continental, won a more than $16 million verdict at trial on their negligence and Washington Consumer Protection Act ("CPA") claims. (See Verdict, Dkt. No. 240 at 2–3.) The jury found Continental not liable, however, on Plaintiffs' bad faith claim. (Id. at 2.)

Continental argues this verdict is inconsistent—that the jury correctly found no liability on bad faith, and that it follows that there was insufficient evidence on the negligence and CPA claims. (Dkt. No. 298 at 6, 14–15.) Continental further argues no reasonable jury could have found for Plaintiffs on the breach or causation elements of their negligence claim (id. at 7–11) or awarded $10.2 million in damages for negligence (id. at 11–14) and $6.28 million in damages for the CPA violation(s) (id. at 17).

Plaintiffs, meanwhile, argue the Court must overturn the jury's verdict on bad faith because of allegedly unrebutted evidence of bad faith and because of alleged causation-related concessions by counsel for Continental during closing arguments. (Dkt. No. 258 at 2–8.) Plaintiffs further contend judgment as a matter of law on bad faith would result in damages equal to the underlying arbitration verdict. (Id. at 8–9.)

ORDER ON DEFENDANT'S AMENDED RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, NEW TRIAL, REMITTITUR, AND/OR PARTIAL RELIEF FROM JUDGMENT; PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW; AND PLAINTIFFS' MOTION FOR ATTORNEY'S FEES- 2

1  Finally, Plaintiffs move for attorney's fees pursuant to the CPA claim on hours spent not
2  only prosecuting the five original claims in this case, but defending Continental's early
3  interpleader and declaratory judgment action and prosecuting a garnishment claim arising from
4  the same set of facts. (Dkt. No. 263 at 2–3; 7–8.) They also seek a 2x multiplier on the basis of
5  their contingent fee arrangement, quality of representation, and opposing counsel's vigorous
6  litigation strategy. (Id. at 8–12.) On receiving redacted billing records from Continental after a
7  successful motion to compel, Plaintiffs revise their multiplier request upward to 3x, citing the
8  total fees earned by counsel for Continental, the number of timekeepers Continental employed
9  during trial, and the hourly rates charged by Continental's counsel. (Dkt. No. 310.)

**Discussion**

I.   Legal Standard

In considering a Rule 50(b)(3) motion for judgment as a matter of law, the Court must uphold the jury's award if there was any "legally sufficient basis" to support it. Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd., 762 F.3d 829, 842 (9th Cir. 2014). In other words, "[a] jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." Castro v. County of Los Angeles, 785 F.3d 336, 344 (9th Cir. 2015). In making this determination, the Court considers all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party; the court may not make any credibility determinations or reweigh the evidence. Experience Hendrix, 762 F.3d at 842.

In considering a Rule 59(a) motion for a new trial, the Court "is not required to view the trial evidence in the light most favorable to the verdict. Instead, the district court can weigh the

ORDER ON DEFENDANT'S AMENDED
RENEWED MOTION FOR JUDGMENT AS A
MATTER OF LAW, NEW TRIAL, REMITTITUR,
AND/OR PARTIAL RELIEF FROM JUDGMENT;
PLAINTIFF'S MOTION FOR JUDGMENT AS A
MATTER OF LAW; AND PLAINTIFFS' MOTION
FOR ATTORNEY'S FEES- 3

1  evidence and assess the credibility of the witnesses." Id. at 842. The Court may grant a new trial

2  "if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious

3  evidence, or to prevent a miscarriage of justice." Molski v. M.J. Cable, Inc., 481 F.3d 724, 729

4  (9th Cir. 2007) (quotation marks and citation omitted).

5       Rule 60(b), meanwhile, provides, "On motion and just terms, the court may relieve a

6  party or its legal representative from a final judgment, order, or proceeding for the following

7  reasons: [ . . . ] (5) the judgment has been satisfied, released or discharged; it is based on an

8  earlier judgment that has been reversed or vacated; or applying it prospectively is not longer

9  equitable; [. . . .]"

10       A successful plaintiff in a CPA action may recover "the costs of the suit, including a

11  reasonable attorney's fee." See Besel v. Viking Ins. Co. of Wisconsin, 105 Wn. App. 463, 485

12  (2001), rev. on other grounds, 146 Wn.2d 730, 49 P.3d 887 (2002); RCW 19.86.090. Attorney's

13  fees are calculated by the "lodestar" method, in which the Court multiplies the number of hours

14  the prevailing party reasonably expended on the litigation by a reasonable hourly rate. Morales v.

15  City of San Rafael, 96 F.3d 359, 363–64 (9th Cir. 1996), amended by 108 F.3d 981 (9th Cir.

16  1997).

17
    II.    Continental's Motion for Judgment as a Matter of Law and/or New Trial and/or
18             Partial Relief from the Judgment on the Negligence and CPA Verdicts

19      A.  CPA/Negligence in the Absence of Bad Faith

20       Continental's primary argument is that the jury's finding that Plaintiffs did not prove

21  Continental acted in bad faith precludes a simultaneous finding that Continental was negligent or

22  violated the CPA because negligence and bad faith claims on the one hand, and CPA and bad

23  ORDER ON DEFENDANT'S AMENDED
    RENEWED MOTION FOR JUDGMENT AS A
24  MATTER OF LAW, NEW TRIAL, REMITTITUR,
    AND/OR PARTIAL RELIEF FROM JUDGMENT;
    PLAINTIFF'S MOTION FOR JUDGMENT AS A
    MATTER OF LAW; AND PLAINTIFFS' MOTION
    FOR ATTORNEY'S FEES- 4

1  faith, on the other hand, rise or fall together. (Dkt. No. 298 at 6, 9–10.) The cases Continental

2  cites in support of this argument were decided on summary judgment and concerned simpler

3  factual scenarios than the one litigated here; in each cited case, the court decided there was

4  insufficient evidence for either a bad faith claim or a negligence/CPA claim to go to the jury. See

5  Taylor v. Sentry Grp. of Cos., No. C06-5497-RBL, 2007 WL 4022437 (W.D. Wash. Nov. 15,

6  2007), aff'd, 331 F. App'x 457 (9th Cir. 2009) (negligence); Glamuzina v. Glens Falls Ins. Co.,

7  No. C07-5011-FDB, 2008 WL 2719564 (W.D. Wash. July 10, 2008) (negligence); Beasley v.

8  State Farm Mut. Auto. Ins. Co., No. C13-1106-RSL, 2014 WL 1494030 (W.D. Wash. Apr. 16,

9  2014) (negligence); Taylor v. Sentry Grp. of Cos., 331 F. App'x 457, 459 (9th Cir. 2009) (CPA);

10 cf. Smith v. Ohio Cas. Ins. Co., 37 Wn. App. 71, 74-75 (1984) (reversing summary judgment to

11 plaintiff on CPA claim where claim was premised on denial of coverage not separately alleged as

12 bad faith).

13         Here, in contrast, there were disputed issues of material fact on each of the bad faith,

14 negligence, and CPA counts. (See Order on Motions for Summary Judgment, Dkt. No. 146.) The

15 jury was instructed on separate standards for breach in the bad faith, negligence, and CPA

16 contexts—standards not challenged by Continental. (See Dkt. No. 234.) To prove bad faith,

17 Plaintiffs would have had to demonstrate that Continental's actions were "unreasonable,

18 frivolous or unfounded," while the negligence and CPA claims required Plaintiffs to show a

19 "failure to exercise ordinary care" and an "unfair or deceptive practice," respectively. (See Final

20 Instr. 24, Dkt. No. 234 at 25; Final Instr. 29, Dkt. No. 234 at 31; Final Instr. 31, Dkt. No. 234 at

21 33.) It was not inconsistent for the jury to identify a failure to exercise ordinary care that was not

22 unreasonable, frivolous, or unfounded. See First State Ins. Co. v. Kemper Nat'l Ins. Co., 94 Wn.

23 ORDER ON DEFENDANT'S AMENDED
   RENEWED MOTION FOR JUDGMENT AS A
24 MATTER OF LAW, NEW TRIAL, REMITTITUR,
   AND/OR PARTIAL RELIEF FROM JUDGMENT;
   PLAINTIFF'S MOTION FOR JUDGMENT AS A
   MATTER OF LAW; AND PLAINTIFFS' MOTION
   FOR ATTORNEY'S FEES- 5

1  App. 602, 612 (1999) ("A plaintiff is entitled to a jury verdict on theories of either negligence or
2  bad faith, independent of each other because a party may fail to use ordinary care yet still not act
3  in bad faith. As the cases and the proposed instructions in this case demonstrate, each claim
4  presents a different legal theory with different elements.") (citing Tyler v. Grange Ins. Ass'n, 3
5  Wn. App. 167, 176 (1970)). Bad faith and CPA claims are also separate and distinct. See First
6  State Ins., 94 Wn. App. at 611. The standards use different language for a reason, and the jury
7  demonstrated care, not confusion, in distinguishing between them.

8        In a related argument, Continental claims the CPA cause of action required the jury to
9  find Continental's actions were "unreasonable, frivolous, or unfounded," but cites no
10 Washington cases requiring such a finding where a CPA cause of action is alleged separately
11 from bad faith. (Dkt. No. 298 at 16.) The jury was properly instructed on the "unfair or
12 deceptive" standard for a CPA violation in the insurance context (see Instr. No. 31, Dkt. No. 234
13 at 33), and Plaintiffs presented substantial evidence at trial that Continental violated WAC
14 provisions listed in the Court's Instruction 28 regarding, among other things, prompt claimant
15 communications and timely settlement checks, along with a theory of causation which the jury
16 was entitled to credit.

17       B.  Other Negligence Arguments

18       Continental also argues there was insufficient evidence of negligence and the jury's must
19 be overturned either under the "clear weight of the evidence" standard for a new trial or the
20 "substantial evidence" standard for judgment as a matter of law. In making these arguments, it
21 relies on legal theories rejected at earlier stages of this case, such as the assertion that an insurer
22 in Washington is entitled to wait until dental records are delivered by dilatory patients' attorneys,

23 ORDER ON DEFENDANT'S AMENDED
   RENEWED MOTION FOR JUDGMENT AS A
24 MATTER OF LAW, NEW TRIAL, REMITTITUR,
   AND/OR PARTIAL RELIEF FROM JUDGMENT;
   PLAINTIFF'S MOTION FOR JUDGMENT AS A
   MATTER OF LAW; AND PLAINTIFFS' MOTION
   FOR ATTORNEY'S FEES- 6

even where delays in bringing about settlements make it increasingly probable that some patients will present inflammatory evidence of egregious conduct by the insured at trial. (See Dkt. No. 298 at 7; cf. Dkt. No. 146 at 13.) The assertion that a claim-by-claim settlement approach is necessarily non-negligent is also foreclosed by this Court's earlier rulings; the jury evaluated Continental's conduct in light of all the complex circumstances described at trial, not as an up-or-down vote on the case-by-case settlement approach. (See Dkt. No. 298 at 7; cf. Dkt. No. 146 at 14–15.) Continental's consent argument was similarly addressed on summary judgment; this theory also played a relatively small role at trial. (See Dkt. No. 298 at 8; cf. Dkt. No. 146 at 15.) Continental's causation argument is also faulty. The fact that the jury was told to apply a presumption of harm in the bad faith context does not suggest that it was necessarily wrong to find causation in the absence of a presumption on the negligence count. (See Dkt. No. 298 at 9.) They jury was entitled to conclude that Continental's failure to exercise due care during the settlement window was a proximate cause of the arbitration verdict that injured Dr. Duyzend, even if it did not find a "unreasonable, frivolous or unfounded" breach that would have triggered the presumption for the bad faith claim.

Ultimately, the jury was entitled to credit testimony by Plaintiffs' expert Kevin Quinley that "Continental's version of case-by-case was doomed to take a huge amount of time and consume a large chunk of delay, which maximized the odds that some of these claimants would defect to higher-octane law firms." (Quinley Tr., Dkt. No. 304 at 81:2–5.) Continental's related argument that delay as to third parties (Dr. Duyzend's patients) could not give rise to a breach of duty toward Dr. Duyzend (see Dkt. No. 298 at 8) fails to take into account the basic theory of the case propounded by Plaintiffs and explained by Mr. Quinley in this and similar testimony: that

ORDER ON DEFENDANT'S AMENDED RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, NEW TRIAL, REMITTITUR, AND/OR PARTIAL RELIEF FROM JUDGMENT; PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW; AND PLAINTIFFS' MOTION FOR ATTORNEY'S FEES- 7

cumulative delays (whether merely negligent or "unreasonable, frivolous or unfounded") in the case-by-case settlement process created an unacceptable risk that a group of claimants who became angry or could not wait for their turn in line would go to court to seek much higher damages. Continental's failure to persuade the jury of its own theory of the case does not justify post-trial relief from the verdict.

### C.  Negligence Damages

On damages, Continental first argues that damages for negligence cannot exceed the policy limits as a matter of law. (Dkt. No. 298 at 11–12.) Again, this argument was rejected on summary judgment. (See Dkt. No. 146 at 18 (citing Tribble v. Allstate Prop. & Cas. Ins. Co., 134 Wash.App. 163, 169 (2006)).) Plaintiffs are correct that Washington case law does not impose a contract-based limitation on negligence damages. See Tyler v. Grange Ins. Ass'n, 3 Wn.App. 167, 175 (1970) ("If the insurance company fails to meet this standard (reasonably prudent man test), it is guilty of negligence in the performance of its contract and becomes liable, upon that ground, to the assured for the excess over the policy limit, irrespective of any fraud or bad faith upon its part." (quoting Ballard v. Ocean Accident & Guar. Co., 86 F.2d 449, 453 (7th Cir. 1936))).

Continental next argues that Plaintiffs cannot recover damages beyond Dr. Duyzend's personal liability as measured at the time just <u>after</u> his settlement with and assignment of claims to Plaintiffs. (Dkt. No. 298 at 12.) This argument is a variation on the theme put forward unsuccessfully by insurers in the context of a covenant not to execute against the insured paired with a settlement of the underlying case and assignment of any claims of the insured against the insurer. See, e.g., Besel v. Viking Ins. Co. of Wisconsin, 146 Wn.2d 730, 736–37 (2002). This

ORDER ON DEFENDANT'S AMENDED RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, NEW TRIAL, REMITTITUR, AND/OR PARTIAL RELIEF FROM JUDGMENT; PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW; AND PLAINTIFFS' MOTION FOR ATTORNEY'S FEES- 8

1  case differs in that Dr. Duyzend, unlike most insureds, had money to put toward the settlement or
2  judgment, but the basic frame for the argument is the same: "[The insurer] argues [the insured]
3  suffered no harm from its bad faith because [the assignee] promised not to execute the judgment
4  against [the insured]. Having suffered no harm, [the insurer] argues [the insured] had no bad
5  faith claim to assign to [the assignee]." Besel, 146 Wn.2d at 736. Here, Continental argues the
6  insured suffered only a limited amount of harm because Plaintiffs agreed to accept a limited
7  quantity of cash from the insured as part of their agreement to acquire Dr. Duyzend's claims. The
8  Washington Supreme Court rejects this approach: An agreement not to execute (or to collect
9  only a limited quantity of cash) does not preclude a showing of harm (or a showing of harm
10 beyond that limited amount). See id. at 737. Dr. Duyzend was able to assign a claim based on the
11 entire judgment entered against him even though, after the assignment and agreement with
12 Plaintiffs, there was no longer any risk that the entire judgment would be collected from his
13 assets. Plaintiffs also correctly note that the jury instructions permitted Plaintiffs to prove Dr.
14 Duyzend's emotional distress in addition to economic damages—another possible basis for the
15 award. (Dkt. No. 303 at 8.)

16      Continental goes on to argue it is entitled to a new trial or remittitur based on negligence
17 damages that were allegedly biased by 1) the Court's instruction that a bad faith award "should
18 include the $35,212,000 arbitration verdict," 2) decision not to instruct on comparative fault, and
19 3) evidentiary ruling excluding the testimony of Nancy Young on Dr. Duyzend's assets. (Dkt.
20 No. 8 at 12–13.) Continental briskly recites arguments previously rejected without persuading
21 the Court that they constitute legal error, much less prejudicial error.

ORDER ON DEFENDANT'S AMENDED
RENEWED MOTION FOR JUDGMENT AS A
MATTER OF LAW, NEW TRIAL, REMITTITUR,
AND/OR PARTIAL RELIEF FROM JUDGMENT;
PLAINTIFF'S MOTION FOR JUDGMENT AS A
MATTER OF LAW; AND PLAINTIFFS' MOTION
FOR ATTORNEY'S FEES- 9

1  Continental further claims the jury's verdict that Dr. Duyzend did not fail to mitigate his
2  damages is against the weight of the evidence and justifies a new trial. (Dkt. No. 298 at 13–14.)
3  On a Rule 59(a) motion, the credibility of witnesses may be taken into account. Continental
4  bases most of its argument on the testimony of Mr. Versnel, an attorney hired by Continental to
5  defend Dr. Duyzend. (See id.) The jury was entitled to discredit Mr. Versnel's testimony
6  because, aside from any subjective reasons, he had a motive to defend the quality of his
7  representation of Dr. Duyzend and/or to please Continental, a significant client in his practice
8  area. Whether Dr. Duyzend should have mitigated his damages by making a more concrete offer
9  to contribute to settlement was subject to a number of factual circumstances contested at trial,
10 and cannot be judged solely on the testimony of one interested witness or measured solely by
11 reference to the quantity of Dr. Duyzend's assets. The weight of the evidence is not against the
12 jury's verdict.

13  Continental also argues Plaintiffs' (i.e., Dr. Duyzend's) damages resulting from
14 Continental's negligence are grossly excessive when compared to the average settlement of
15 dental malpractice claims against Dr. Duyzend. The notion that damages for Continental's
16 negligence toward its insured must bear any relation to successful settlements with claimants
17 made prior to the damaging arbitration award verges on the nonsensical. The comparison does
18 not aid Continental in demonstrating that the damages surpassed the maximum amount supported
19 by proof. See D & S Redi-Mix v. Sierra Redi-Mix & Contracting Co., 692 F.2d 1245, 1249 (9th
20 Cir. 1982).

21  Finally, and more rationally, Continental contends the jury's damage award should be
22 reduced by $969,928.12, the remaining policy limits Continental conveyed to Plaintiffs near the

ORDER ON DEFENDANT'S AMENDED
RENEWED MOTION FOR JUDGMENT AS A
MATTER OF LAW, NEW TRIAL, REMITTITUR,
AND/OR PARTIAL RELIEF FROM JUDGMENT;
PLAINTIFF'S MOTION FOR JUDGMENT AS A
MATTER OF LAW; AND PLAINTIFFS' MOTION
FOR ATTORNEY'S FEES- 10

outset of this case. (See Dkt. No. 298 at 14 (citing Fed. R. Civ. P. 60(b)(5)); Case No. C13-1508MJP, Order on Joint Stipulated Motion to Grant in part the Cox Defendants' Motion to Disburse, Grant Continental Partial Summary Judgment, and Stay the Remainder of the Action (3/20/14), Dkt. No. 81; Order on Joint Stipulated Motion Lifting Stay for Limited Purpose, Granting Continental Leave to Deposit, and Disbursing Funds (9/5/14), Dkt. No. 84.) Plaintiffs' argument that Continental waived the affirmative defense of setoff by not pleading it mischaracterizes the nature of the conveyance. The payment did not precisely "aris[e] out of a transaction independent of the plaintiff's claim," see Black's Law Dictionary 1581 (10th ed. 2010), but constituted a payment in partial satisfaction of the underlying arbitration judgment in Plaintiffs' favor, a judgment fundamentally connected to the causes of action in this case. (See C13-1508MJP, Dkt. No. 81 at 3 ("There is no dispute that Continental has interpleaded the remaining $948,129.00 in funds available under Dr. Duyzend's Policy limits, that Continental claims no interest in these funds, that Cox et al. have claimed an interest in these funds by virtue of their outstanding judgment against Dr. Duyzend, his wife Mrs. Duyzend, and their marital community in the amount of $35,212,000.00 (Dkt. 1-6), and that Cox et al. are the only remaining claimants to these funds.").) A payment by a defendant to a plaintiff in the early stages of the case raises the specter of a double recovery where the payment is not communicated to the jury; however, it is true that Plaintiffs in this case were not seeking the arbitration judgment on their own behalf, so some further analysis may be needed. Although the jury decided Dr. Duyzend was not damaged in the full amount of the arbitration verdict (as requested by Plaintiffs), the jurors almost certainly did not arrive at such a high number without taking this element of damage into consideration. An alternative understanding of the payment, then, is that

ORDER ON DEFENDANT'S AMENDED RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, NEW TRIAL, REMITTITUR, AND/OR PARTIAL RELIEF FROM JUDGMENT; PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW; AND PLAINTIFFS' MOTION FOR ATTORNEY'S FEES- 11

1  (remembering Plaintiffs stand in the shoes of Dr. Duyzend) an additional payment to Dr.

2  Duyzend reduces the damage to Dr. Duyzend caused by the arbitration verdict and/or the

3  emotional distress occasioned by the arbitration verdict. Either because together the policy limits

4  conveyance and the full jury verdict would result in a double recovery for Plaintiffs or,

5  alternatively, because an additional payment to Dr. Duyzend in the amount of the remaining

6  policy limits would have reduced Dr. Duyzend's damages, Continental is correct that the

7  $969,928.12 policy limits payment must reduce the amount of Plaintiffs' award. The Court

8  grants Continental's Motion insofar as it requests relief pursuant to Rule 60(b)(5).

9        D.  CPA Damages

10  On damages for the CPA claim, Continental first argues that the $6.28 million CPA

11  award impermissibly overlaps with the $10.2 million negligence award. (Dkt. No. 298 at 17.)

12  The jury was warned that it should "not duplicate damages," and there is no non-speculative

13  reason to believe that it disregarded this instruction. (See Dkt. No. 240 at 3.)

14  Second, Continental claims the CPA damages are grossly excessive in light of allegedly

15  minimal error and attenuated causation: "The record provides no basis for the jury's award of

16  $6.28 million for a few isolated examples of claims-handling delays for claims that <u>successfully</u>

17  <u>settled years earlier</u>." (Dkt. No. 298 at 17 (emphasis in original).) This argument minimizes the

18  quantity and pervasiveness of Continental employee Doug Hoffman's delays, and once again

19  substitutes Continental's theory of causation for Plaintiffs'.

20      III.  Plaintiffs' Motion for Judgment as a Matter of Law on the Bad Faith Verdict

21  Plaintiffs' Motion contends that unrebutted evidence of bad faith means that the jury's

22  finding of no liability on bad faith must be overturned as a matter of law. (Dkt. No. 258 at 2–6.)

23  ORDER ON DEFENDANT'S AMENDED
RENEWED MOTION FOR JUDGMENT AS A
24  MATTER OF LAW, NEW TRIAL, REMITTITUR,
AND/OR PARTIAL RELIEF FROM JUDGMENT;
PLAINTIFF'S MOTION FOR JUDGMENT AS A
MATTER OF LAW; AND PLAINTIFFS' MOTION
FOR ATTORNEY'S FEES- 12

No matter how many instances of Continental's errors Plaintiffs identify, the jury was entitled to conclude Continental did not act in bad faith if it found the alleged breaches were not "unreasonable, frivolous or unfounded." The Court will not substitute its judgment for the jury's on this point.

Furthermore, statements made by counsel for Continental at closing argument asserting that it was reasonable for Continental to continue settling cases one by one for low amounts "so long as claimants were with Mr. Longfelder" (Dkt. No. 259, Ex. C at Tr. 60:18) does not amount to an admission that Plaintiffs' theory of causation was correct. Plaintiffs' causal chain involved multiple additional steps that neither Continental's counsel nor the jury was obligated by the facts in evidence to accept.

The Court has previously addressed Plaintiffs' argument that bad faith damages for failure to settle are necessarily equal to the underlying judgment (see, e.g., Dkt. No. 156 at 16); in the absence of a showing that the jury was required to find bad faith on this record, the Court declines to revisit the issue.

IV.   Plaintiffs' Motion for Attorney's Fees

While conceding that Plaintiffs are entitled to attorney's fees with respect to the CPA verdict in this case, Continental argues that Plaintiffs are not entitled to fees incurred during defense of Continental's interpleader action and prosecution of Plaintiffs' garnishment action because they do not constitute "costs of the suit," i.e., costs of the affirmative CPA claim brought to judgment under this case caption and number. (Dkt. No. 274 at 8–9.) RCW 19.86.090 (emphasis added). In the garnishment action, Plaintiffs, prior to the assignment of bad faith or CPA claims by Dr. Duyzend, sought to recover the amount of the dental malpractice arbitration

ORDER ON DEFENDANT'S AMENDED RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, NEW TRIAL, REMITTITUR, AND/OR PARTIAL RELIEF FROM JUDGMENT; PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW; AND PLAINTIFFS' MOTION FOR ATTORNEY'S FEES- 13

award directly from Dr. Duyzend's insurer, Continental. (See Case No. C13-1608MJP, Dkt. No. 1, Ex. 1.) The interpleader action, which temporarily safeguarded Continental's remaining policy limits from the garnishment action, also included a request for a declaratory judgment absolving Continental of "any further liability or obligation, either in contract or tort, to Dr. Duyzend, the Cox claimants [ . . . ] or any other claimant with respect to any claim relating to or arising under the Policy." (See Case No. C13-1508MJP, Dkt. No. 1 at 18.) Both of these prior actions were more or less consolidated with the present case. In neither action did the Cox Plaintiffs explicitly plead CPA claims or counterclaims. While the actions may have represented attempts to achieve a shortcut to the eventual judgment or to evade the same, the language of the statute makes it clear that recoverable costs are limited to "the" successful CPA suit. Continental is correct that fees associated with legal maneuvering in separate cases filed before Plaintiffs had standing to bring Dr. Duyzend's CPA claims are not recoverable.

Next, Continental argues Plaintiffs failed to apportion time allocated to the CPA claim as opposed to other causes of action, including the unsuccessful bad faith claim, or account for the partial recovery of requested CPA damages. (Dkt. No. 274 at 7–9.) "The total hours an attorney has recorded for work in a case is to be discounted for hours spent on 'unsuccessful claims, duplicated effort, or otherwise unproductive time.'" Miller v. Kenney, 180 Wn. App. 772, 823 (2014) (quoting Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597 (1983)). Plaintiffs did not adjust their request to account for the unsuccessful bad faith claim, relying on Miller's discussion of an award where the trial court determined that a successful bad faith claim could not be segregated from a successful CPA claim on the record before it. See Miller, 180 Wn. App. at 823–24. Here, however, the jury clearly found that the bad faith and CPA claims were not

ORDER ON DEFENDANT'S AMENDED RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, NEW TRIAL, REMITTITUR, AND/OR PARTIAL RELIEF FROM JUDGMENT; PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW; AND PLAINTIFFS' MOTION FOR ATTORNEY'S FEES- 14

identical, and awarded only a portion of the requested damages. Plaintiffs should have reduced their requested hours to account for these facts. However, it is also true that much of the evidence necessary to the presentation of the CPA and negligence claims was equally essential to the presentation of the unsuccessful bad faith claim, and the legal theories specific to the bad faith claim (such as the argument that the arbitration verdict formed the floor of any award for bad faith damages) in no way dominated the litigation.

In the absence of a detailed delineation of the hours spent on the earlier litigation and unsuccessful claims and legal theories, the Court reduces the lodestar by one third (rather than the two thirds requested by Continental) to reflect success on two out of three CPA-adjacent claims at trial and to account for two shorter preliminary proceedings that did not allege CPA violations, balanced with the recognition of the overlapping facts needed to prove the successful CPA claim and the unsuccessful, non-CPA claims. With a one-third reduction, the fees requested are reasonable, particularly in light of the vigorous motions practice initiated largely by Continental. Continental does not dispute the hourly rates requested (Dkt. No. 274 at 1), and they are in line with rates found reasonable in previous cases, adjusted for inflation. The resulting lodestar is $1,350,413.33.

Plaintiffs initially requested at 2x multiplier to account for their contingent fee agreement with their clients and the quality of the work performed—a request which they revised to 3x upon receipt of Continental's billing records. (Dkt. No. 263 at 9–12; Dkt. No. 310.) While Plaintiffs are correct that Washington courts have approved multipliers based on the two factors of contingent fee arrangements and exceptionally high-quality work, see Pham v. City of Seattle, 159 Wn.2d 527, 541 (2007), the highest multiplier awarded in Washington that Plaintiffs were

ORDER ON DEFENDANT'S AMENDED
RENEWED MOTION FOR JUDGMENT AS A
MATTER OF LAW, NEW TRIAL, REMITTITUR,
AND/OR PARTIAL RELIEF FROM JUDGMENT;
PLAINTIFF'S MOTION FOR JUDGMENT AS A
MATTER OF LAW; AND PLAINTIFFS' MOTION
FOR ATTORNEY'S FEES- 15

able to cite in their briefs was 1.5x. The Court agrees the contingent fee arrangement, the high quality of the representation, the many complex legal and factual issues, and the attendant risk justifies a multiplier. In addition, Continental's contentious, no-holds-barred litigation strategy and its over-litigation of issues previously decided should also add to Plaintiffs' multiplier. A 1.5x multiplier is sufficient to account for all these factors. The high rates commanded by counsel for Continental confirm that the rates originally proposed by Plaintiffs are entirely reasonable, but they do not justify a further upward adjustment of the multiplier.

The total fee award after the multiplier is applied to the lodestar is $2,025,620.

## Conclusion

The Court DENIES Continental's Amended Renewed Motion for Judgment as a Matter of Law Pursuant to FRCP 50(b), Amended Motion for New Trial or Remittitur Pursuant to FRCP 59, and Motion for Partial Relief from Judgment Pursuant to FRCP 60(b)(5) in part and GRANTS it insofar as it seeks a reduction in Plaintiffs' jury award by $969,928.12 pursuant to Rule 60(b)(5); DENIES Plaintiffs' Motion for Judgment as a Matter of Law; and GRANTS Plaintiffs' Motion for Attorney's Fees in the amount of $2,025,620.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 19th day of June, 2015.

Marsha J. Pechman
Chief United States District Judge

ORDER ON DEFENDANT'S AMENDED RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, NEW TRIAL, REMITTITUR, AND/OR PARTIAL RELIEF FROM JUDGMENT; PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW; AND PLAINTIFFS' MOTION FOR ATTORNEY'S FEES- 16